IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TIMOTHY MAGGARD,**
**#09349-045**

      **Petitioner,**

                                            Case No. 17–cv–335–DRH

vs.

**B. TRUE,**

      **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Timothy Maggard, who is currently incarcerated in the Federal Correctional Institution in Marion, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In the Petition, he argues that under the recent decision of the Supreme Court in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his enhanced career-offender sentence is unconstitutional. (Doc. 1).

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

## The Petition

In his criminal case in the Western District of Missouri, *United States v. Maggard*, No. 6:96-cr-3049-DW (W.D.Mo. July 25, 1997), Petitioner was found guilty of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. (Doc. 1, p. 10). He was sentenced to 360 months imprisonment. (Doc. 1, p.

10). The career-offender enhancement was imposed pursuant to the United States Sentencing Guidelines ("USSG") at § 4B1.1, based on two prior convictions for second degree burglary and second degree assault. (Doc. 1, p. 13). As a result of the career-offender determination, Petitioner's total offense level was determined to be 38. (Doc. 1, p. 13).

Petitioner appealed his conviction in 1998 and filed a § 2255 petition in 1999. (Doc. 1, p. 11). Both of these efforts failed. *Id.* Petitioner also filed a motion to file a second or successive § 2255 petition in 2016 under *Johnson v. United States*, 135 S.Ct. 2551 (2015), but his claim was dismissed. *Id.* Petitioner now argues that pursuant to *Mathis*, he should be resentenced without enhancement because his underlying burglary conviction does not constitute a crime of violence under the reasoning in *Mathis*, as the elements of Petitioner's underlying offense criminalize a greater swath of conduct than the elements of the guidelines offense. (Doc. 1, pp. 11-14).

## **Discussion**

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas cases.

Normally a person may challenge his federal conviction only by means of a

motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases under the "savings clause" of § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id*. *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that § 2255 is only inadequate or ineffective when three requirements are satisfied: 1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; 2) the case was decided after his first § 2255 motion but is retroactive; and 3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

The instant Petition meets the first requirement as *Mathis* is clearly a case of statutory interpretation. *See Dawkins v. United States,* 829 F.3d 549, 551 (7th

Cir. 2016) (*Mathis* "is a case of statutory interpretation"); *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016) ("Mathis is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one.").

The Petition also meets the second requirement. As noted above, the Seventh Circuit has indicated that *Mathis* is a substantive rule. *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016). Controlling precedent indicates that substantive Supreme Court rules are applied retroactively. *See Narvaez v. United States,* 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

The Court, however, cannot ascertain whether the third requirement is met. In *Mathis*, the Supreme Court held that Iowa's burglary statute did not qualify as a predicate violent felony under the Armed Career Criminal Act ("ACCA") because it was broader than the "generic" offense of burglary in § 924(e)(2)(B)(ii). Thus, *Mathis* focused on what constitutes a prior violent felony under the ACCA. Notably, "[t]he Supreme Court's decision in *Mathis* dealt with the Armed Career Criminal Act (ACCA), not the federal sentencing Guidelines." *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). However, *Mathis* is likely also applicable to the career offender guidelines, in that the "decision in *Mathis* clarified when and how the modified categorical approach is applied in the context of federal sentencing," and did not necessarily limit itself to cases involving the ACCA. *Id.*

Petitioner argues that *Mathis* applies to his case and enables this Court to review the Western District of Missouri's determination that his prior burglary

offense could act as a predicate for the career offender enhancement. He argues that the statute underlying his second degree burglary offense, MO. REV. STAT. § 569.170, is broader than the "crime of violence" definition under § 4B1.2 of the Guidelines, as he argues was established in *United States v. Smith*, 668 F. App'x 653 (7th Cir. 2016), among other cases. (Doc. 1, p. 12). He further claims that the facts underlying the two-point enhancement of his sentencing guideline offense level for possession of a dangerous weapon do not support this enhancement. (Doc. 1, pp. 14-15).

The Court is without sufficient information to determine whether there is grave error constituting a miscarriage of justice that stems from Plaintiff's sentencing as a career offender. However, at this stage in the litigation, the Court finds it prudent to allow Petitioner's claim to proceed. That is, during its initial review, the Court declines to find that Petitioner's *Mathis* claim is without merit. Therefore, the Court **ORDERS** Respondent True of Marion USP to file a response to the Petition.

**IT IS HEREBY ORDERED** that Respondent **TRUE** shall answer the Petition or otherwise plead within thirty (30) days of the date this order is entered (**on or before June 7, 2017**).[1] This preliminary order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 10th day of May, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.05.10
10:14:05 -05'00'

**United States District Judge**