# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY MAGGARD,

    Petitioner

vs.

                         No. 17-cv-335-DRH

B. TRUE,

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

Pending before the Court is a Motion for Judgment on the Pleadings (Doc. 21) submitted by Petitioner Timothy Maggard ("Petitioner") on July 10, 2018. Respondent B. True ("Respondent") offered on July 11, 2018 a response in opposition of said motion (Doc. 22). For the reasons set forth below, the Court **DENIES** Petitioner's Motion for Judgment on the Pleadings.

### II. Background

Petitioner, who is currently incarcerated in the Federal Correctional Institution in Marion, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc.1). In the Petition, he argues that under the recent decision of the Supreme Court in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his enhanced career offender sentence is unconstitutional. *Id.*

In his criminal case in the Western District of Missouri, *United States v. Maggard*, No. 6:96-cr-3049-DW (W.D. Mo. July 25, 1997), Petitioner was found guilty of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. (Doc. 1, p. 10). He was sentenced to 360 months imprisonment. (Doc. 1, p. 10). The career-offender enhancement was imposed pursuant to the United States Sentencing Guidelines ("USSG") at § 4B1.1, based on two prior convictions for second degree burglary and second degree assault. (Doc. 1, p. 13). As a result of the career-offender determination, Petitioner's total offense level was determined to be 38. (Doc. 1, p. 13). Petitioner appealed his conviction in 1998 and filed a § 2255 petition in 1999. (Doc. 1, p. 11). Both of these efforts failed. *Id.* Petitioner also filed a motion to file a second or successive § 2255 petition in 2016 under *Johnson v. United States*, 135 S.Ct. 2551 (2015), but his claim was dismissed. *Id.* Petitioner now argues that pursuant to *Mathis*, he should be resentenced without enhancement because his underlying burglary conviction does not constitute a crime of violence under the reasoning in *Mathis*, as the elements of Petitioner's underlying offense criminalize a greater swath of conduct than the elements of the guidelines offense. (Doc. 1, pp. 11-14).

On July 10, 2018, Petitioner filed a Motion for Judgment on the Pleadings (Doc. 21) arguing that he is entitled to judgment as a matter of law on the ground that both parties agree he is no longer a career offender. On July 11, 2018, Respondent filed a response in opposition of said motion arguing that Petitioner's claim is not cognizable under Seventh Circuit precedent because his alleged harm

– a lawful, within-Guidelines sentence – does not qualify as "a fundamental defect . . . that is grave enough to be deemed a miscarriage of justice." *Hawkins v. United States*, 724 F.3d 915, 917 (7th Cir. 2013).

### III. Applicable Law

A party is permitted under Rule 12(c) to move for judgment on the pleadings after the parties have the complaint and the answer. Fed. R. Civ. P. 12(c); *Brunt v. Serv. Employeees Int'l Union*, 284 F.3d 715. 718 (7h Cir. 2002); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998). A motion for judgment on the pleadings "under Rule 12(c) is reviewed under the same standard as a motion to dismiss under 12(b); the motion is not granted unless it appears beyond a doubt that the plaintiff can prove no facts sufficient to support his claim for relief, and the facts in the complaint are viewed in the light most favorable to the non-moving party." *Flenner v. Sheahan,* 107 F.3d 459, 461 (7th Cir. 1997); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded allegations." *Forseth v. Village of Sussex,* 199 F.3d 363, 364 (7th Cir. 2000); *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004). A court may rule on a judgment on the pleadings under Rule 12(c) based on a review of the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. *Id.* at 452–453.

To survive a motion for judgment on the pleadings, the plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp.*

*v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level" and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949, 1965 (citing *Twombly,* 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. The court does not take "legal conclusion[s] couched as factual allegation[s]" as true. *Id.* at 1950.

### IV. Analysis

Here, Petitioner first argues that, pursuant to *Mathis*, his misclassification as a career offender under USSG § 4B1.1(a) requires resentencing. Respondent concedes – under *Mathis* – Petitioner no longer qualifies as a career offender, however, despite that, Respondent argues that Petitioner's claim is not cognizable under Seventh Circuit precedent because his alleged harm – a lawful, within-guidelines sentence – does not qualify as "a fundamental defect . . . that is grave enough to be deemed a miscarriage of justice." (*Hawkins v. United States*, 724 F.3d 915, 917 (7th Cir. 2013).

Petitioner's first argument fails because, under *Hawkins*, a court's misapplication of the career offender label – which ultimately results in a legally authorized sentence – is not a miscarriage of justice. Likewise, Petitioner's second argument must fail because a subsequent change in the USSG does not constitute a miscarriage of justice. As previously discussed, the Seventh Circuit has held that a "period of incarceration exceed[ing] that [which is] permitted by law . . . constitutes a miscarriage of justice. *See Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011); *see also Hawkins v. United States*, 724 F.3d 915, 917 (7th Cir. 2013) ("Postconviction review is therefore proper when for example the judge imposes a sentence that he had no authority to impose, as in *Narvaez*.") *Navarez* and *Hawkins*, when read together, demonstrate a clear rule adopted by the Seventh Circuit: a miscarriage of justice only occurs in this context when a sentence exceeds that which is authorized by law.

## V. Conclusion

Accordingly, the Court **DENIES** Petitioner's Motion for Judgment on the Pleadings (Doc. 21).

**IT IS SO ORDERED.**

Judge Herndon
2018.10.05
15:38:13 -05'00'

United States District Judge